**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0302-16T4

IN THE MATTER OF THE ESTATE
OF BERTHA POLAK, deceased.

_____

Submitted October 31, 2017 — Decided November 28, 2017

Before Judges Yannotti and Mawla.

On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. P-000246-12.

James E. Young, Jr., attorney for appellant Linda Hall.

Cuccio and Cuccio, PC, attorneys for respondent Carol Polak Reid (Emil S. Cuccio, on the brief).

PER CURIAM

Linda Hall, the Executrix of the Estate of Bertha Polak, appeals from an order entered by the Chancery Division on July 13, 2016, granting an application by Carol Polak Reid for a wage execution to execute a judgment previously entered against Hall. We affirm.

We take the following facts from the record. Following a bench trial, a judgment was entered in favor of the Estate of Bertha Polak on June 2, 2014. The judgment required Hall to pay the Estate $44,570.70. Reid, a beneficiary of the Estate, would receive $24,638.94. The judgment also denied Hall an executor's commission.

The $44,570.70 due to the Estate was to be used to satisfy a mortgage on a property owned by the Estate. Because Hall did not pay the judgment, the Estate paid off the mortgage at the closing on the sale of the property. According to the judgment, Hall was to receive $19,931.76 from a trust account. That money was applied to the judgment of $44,570.70, leaving the $24,638.94 due and owing. The judgment also denied Hall an executor's commission. Hall appealed and we affirmed the judgment. In re Estate of Bertha Polak, No. A-4207-13 (App. Div. Dec. 31, 2015) (slip op. at 1).

Hall did not pay the judgment, and Reid sought a wage execution to recoup the $24,638.94. On July 13, 2016, the trial judge entered an order and written findings granting the garnishment. He reiterated the calculation used to arrive at the sum due and owing to Reid. The judge repeated Hall was not entitled to a $10,000 commission as executrix, and that the sum was already "reflected in the judgment." The judge concluded "[t]herefore, the judgment entered by the court and affirmed by

the Appellate Division is $24,638.94. Accordingly . . . plaintiff may garnish defendant's wages to collect the judgment." This appeal followed.

Hall argues that the judge failed to make adequate findings of fact. The contention is without sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E). As noted, the judge did make findings of fact, and they were more than sufficient to warrant issuance of the wage execution order. In addition, Hall's arguments were previously addressed in our decision in the prior appeal, and therefore she is barred from re-litigating those issues in opposing the application for a wage execution.

The doctrine of res judicata applies to matters that have previously been litigated and bars them from being re-litigated. Nolan v. First Colony Life Ins. Co., 345 N.J. Super. 142, 153 (App. Div. 2001). For res judicata to apply:

> there must be a valid, final judgment on the merits in the prior action; the parties in the second action must be identical to, or in privity with those in the first action; and the claim in the later action must arise out of the same transaction or occurrence as the claim in the first action.
>
> [Ibid. (citing Watkins v. Resorts Int'l Hotel & Casino, Inc., 124 N.J. 398, 412 (1991)).]

We reject Hall's argument the judge failed to make adequate findings of fact pursuant to Rule 1:7-4(a) regarding the wage

execution.  This is because we previously affirmed the judge's computation of the judgment entered against Hall, set forth in his July 13, 2016 opinion, which included the $10,000 credit to Hall, and denial of Hall's commission.  We stated:

> Based on the testimony and evidence presented at trial, the judge found that . . . Polak had been living with Hall and paying her $1,000 a month in rent. . . .  Polak obtained a loan of $79,784.28, which was secured by a mortgage upon her property in Englewood. . . .  Polak kept $10,000, and Hall borrowed the remaining $69,784.28 from . . . Polak to use to pay for renovations to Hall's home.  In lieu of paying Hall rent, . . . Polak began to make mortgage payments of $922.93 per month.
>
> The judge noted that Article III(c) of . . . Polak's will stated that . . . Polak had taken out a loan for Hall in the amount of $69,000.  The will stated:
>
>> At the time of the sale of the property Linda Hall shall be responsible for repayment of this loan.  The total amount shall be paid back to the [e]state and this amount shall then be added to the proceeds of sale and be divided amongst my children, Carol, Lisa and Linda and the surviving children of my daughter Andrea.
>
> The judge found that, based on the terms of the will, it was clear that Hall must pay the amount due on the mortgage.  The judge also found that the testimony presented at trial showed that it was . . . Polak's intent that Hall pay the loan.
>
> The judge noted, however, that Hall would not be responsible for the $10,000 that . . . Polak

4

kept from the loan proceeds, and she would be given credit for . . . Polak's payments of $922.93 per month on the loan, because . . . Polak would have otherwise paid Hall monthly rental payments of $1,000. The judge also observed that his interpretation of the will was consistent with . . . Polak's probable intention.

Thereafter, the court entered an order dated April 7, 2014, which provided that a judgment would be entered against Hall in the amount of $44,570.70, which was determined to be the amount remaining due on the loan. The court's order notes that $79,727.05 remained in counsel's trust account, and that amount was to be divided equally between Reid, Pean and Hall.

The order states, however, that Hall's share would not be paid to her but would be a credit against the monies the court had ordered her to pay the estate. The order further provided for the distribution of the $44,570.70 that Hall had to pay the estate. In addition, the order states that, since there were no funds remaining for any distribution pursuant to the residuary clause of Polak's will, Hall would not be paid an executrix commission.

[In re Estate of Bertha Polak, slip op. at 5-7.]

After reciting the judge's detailed findings, we considered the same arguments Hall has again raised here, and we affirmed the judge's determination. Id. at 10. Furthermore, as stated previously, the judge's written findings were more than sufficient to justify the issuance of the wage execution order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0302-16T4